UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE BROWN                                    CIVIL ACTION

versus                                         NO. 14-474

BURL CAIN, WARDEN                              SECTION: "R" (1)

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Jesse Brown, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On September 27, 2006, he was convicted of attempted

manslaughter under Louisiana law.[1] On February 9, 2007, he was found to be a fourth offender and was sentenced as such to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[2] On February 13, 2009, the Louisiana First Circuit Court of Appeal affirmed his conviction, habitual offender adjudication, and sentence.[3] The Louisiana Supreme Court then denied his related writ application on January 29, 2010.[4]

On or about March 19, 2010, petitioner filed a federal *habeas corpus* petition with this Court. On April 11, 2011, that petition was dismissed without prejudice because he had not exhausted his remedies in the state courts.[5]

On July 8, 2011, petitioner filed a post-conviction application with the state district court.[6] That application was denied on November 2, 2012.[7] His related writ applications were then

---

[1] State Rec., Vol. II of II, transcript of September 27, 2006, p. 149; State Rec., Vol. I of II, minute entry dated September 27, 2006; State Rec., Vol. I of II, verdict form.

[2] State Rec., Vol. I of II, minute entry dated February 9, 2007.

[3] State v. Brown, No. 2008 KA 0997, 2009 WL 382723 (La. App. 1st Cir. Feb. 13, 2009); State Rec., Vol. I of II.

[4] State v. Brown, 25 So.3d 828 (La. 2010) (No. 2009-K-1090); State Rec., Vol. I of II.

[5] Brown v. Cain, Civ. Action No. 10-1003 (E.D. La. Apr. 11, 2011); Rec. Doc. 1-1, p. 31.

[6] State Rec., Vol. I of II. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to this state application, the Court will simply use the signature date of the application as the filing date, in that the application obviously was placed in the mail no earlier than the date it was signed.

[7] State Rec., Vol. II of II, Order and Reasons for Denial dated November 2, 2012.

likewise denied by the Louisiana First Circuit Court of Appeal on February 13, 2013,[8] and by the Louisiana Supreme Court on August 30, 2013.[9]

In October of 2013, petitioner filed a "Motion for Authorization to File Second or Successive Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254" with the United States Fifth Circuit Court of Appeals.[10] On January 14, 2014, that motion for authorization was denied as unnecessary because a new application would not be a "second or successive" petition, in that his prior federal application had been dismissed without prejudice.[11]

On or after January 27, 2014, petitioner then filed the instant federal application seeking *habeas corpus* relief.[12] The state argues that the federal application is untimely.[13]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d), which provides:

---

[8] State v. Brown, No. 2012 KW 1986 (La. App. 1st Cir. Feb. 13, 2013); State Rec., Vol. II of II.

[9] State *ex rel.* Brown v. State, 120 So.3d 262 (La. 2013) (No. 2013-KH-0569); State Rec., Vol. II of II.

[10] Rec. Doc. 1-1, pp. 33-47.

[11] In re Brown, No. 13-31103 (5th Cir. Jan. 14, 2014); Rec. Doc. 1-1, pp. 74-75.

[12] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Although that date is not apparent from the record, petitioner dated his application January 27, 2014. Rec. Doc. 1, p. 16. Therefore, it could not have been delivered to prison officials prior to that date.

[13] Rec. Doc. 6.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The state argues that Subsection A applies in the instant case. As noted, under that subsection, a petitioner must bring his § 2254 claims within one (1) year of the date on which his underlying criminal judgment became "final." Regarding finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on January 29, 2010. As a result, for AEDPA purposes, his state criminal judgment became final, and his federal limitations period therefore commenced under Subsection A, on April 29, 2010. See id. at 317-18. That limitations period then expired one year later on April 29, 2011, unless the deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period.

It is true that petitioner's first federal *habeas corpus* application was filed during that period. That, however, has no bearing on the timeliness of the instant application. The United States Supreme Court has expressly held that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and, therefore, a prior federal application does not toll the AEDPA's statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (5th Cir. 2001).

Further, it is also true that petitioner filed a state post-conviction application on July 8, 2011. However, because that application was filed *after* the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4,

aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). Petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling, his federal application for *habeas corpus* relief would be timely under Subsection A only if it was filed on or before April 29, 2011. His federal application was not filed until on or after January 27, 2014, and, therefore, it is untimely under Subsection A.

Moreover, while the commencement of the federal limitations period is delayed in those circumstances set forth in Subsections B, C, and D of 28 U.S.C. § 2244(d)(1), those alternative

provisions are inapplicable here. Clearly, Subsection C does not apply because petitioner's claims are not based on a newly recognized constitutional right, and Subsection D does not apply because his claims are not founded on a recently discovered factual predicate. Although petitioner contends that Subsection B applies,[14] that contention has no merit for the following reasons.

Under Subsection B, the commencement of the limitations period is delayed if there a state action in violation of the Constitution or laws of the United States which "actually prevented" the petitioner from timely filing his federal *habeas corpus* petition. Krause v. Thaler, 637 F.3d 558, 561 (5th Cir. 2011). In the instant case, petitioner argues that his ability to seek timely federal relief was impeded by prison officials' actions in evacuating inmates from the Louisiana State Penitentiary in 2011 due to anticipated flooding. He contends that he had no access to his legal documents, law libraries, or legal assistance during his relocation resulting from the evacuation.

Petitioner has not shown that the foregoing circumstances *prevented* him from filing his federal application *before* the deadline expired, and it is clear that he could not make that showing. As already explained, his federal filing deadline was April 29, 2011; however, the evacuation of the prisoners did not occur until May 9, 2011.[15] Where, as here, the purported state-created impediment did not arise until *after* a petitioner's filing deadline had *already expired*, it obviously could not have prevented him from filing a timely petition. See, e.g., Deal v. Wilkinson,

---

[14] Rec. Doc. 1, pp. 24-26.

[15] See, e.g., http://www.nbc33tv.com/news/mississippi-rising/angola-begins-evacuations; http://www.wafb.com/story/14596790/angola-continues-preps-for-rising-waters; http://www.klfy.com/story/14583070/angola-flood-preps.

Civ. Action No. 1:11-cv-0699, 2011 WL 4703034, at *4 (W.D. La. Aug. 9, 2011), adopted, 2011 WL 4707006 (W.D. La. Oct. 4, 2011).

Lastly, the Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, *no juror*, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S.Ct. at 1928 (emphasis added) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Here, petitioner does not invoke McQuiggin and, in any event, he has not made a colorable showing of actual innocence.

For all of the foregoing reasons, it is clear that petitioner's deadline for seeking federal *habeas corpus* relief was April 29, 2011. Because the instant federal application was not filed until on or after January 27, 2014, it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Jesse Brown be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

      New Orleans, Louisiana, this seventeenth day of June, 2014.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[16] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.